Green, J.
delivered the opinion of the court.
We consider the delivery of the notes by Batton to Nichol, to he a payment in part of the $100 lost on the race. The record shows that it was so expressly agreed by the parties. The act of 1799, ch. 8, sec. 4, provides, that where money or property may be lost at any game of hazard, or on horse racing, and the party losing shall pay or deliver the same, or any part thereof, the person so losing and paying or delivering the same, shall have a right, within ninety days thereafter, to sue for and recover. By the common law, where money has been paid on a gaming contract, it could not be recovered back by the losing party. Our act of 1799, ch. 8, following the act of 9 Ann, ch. 14, gives the right, within ninety days after the payment, to recover back. The right of action cannot be extended beyond the time here specified.-— This court, in the case of Johnson vs. Cooper and Crosswhite,(a) at Jonesboro’ 1831, recognizes this 4th section as containing a statute of limitations to the actions given by it. A suit therefore cannot be maintained to recover back money or property paid on a gaming contract, unless brought within ninety days after such payment. That-the judgment in favor of Nichol for the flOO has been reversed, can make no difference. The pay. ment had been made long before, of money lost upon a gaming contract; and this, whatever may be its form, is in substance a suit to recover it back. The judgment must be reversed.
Judgment reversed.

 2 Yerger's Rep. 524.